# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

)

UNITED STATES OF AMERICA    )

    )

       v.         )     Crim. No.  4:05-cr-40025-FDS

    )

MATTHEW MARSH,    )

           Defendant.    )

_____)

## INFORMATION

**COUNT ONE:**   (Title 21, United States Code, Section 851 – Notice of Prior Conviction)

The United States Attorney charges that:

    1.    On or about September 6, 1996, MATTHEW MARSH, defendant herein, was convicted in the United States District Court for the District of Massachusetts, Boston, Massachusetts, of:  (i) conspiracy to import cocaine base in violation of 21 U.S.C. § 963, (ii) importation of cocaine base in violation of 21 U.S.C. § 952, and (iii) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), in *United States v. Matthew Marsh*, Criminal Docket No. 95-10244-REK.  A copy of the certified judgment of conviction is attached hereto as <u>Exhibit 1</u>.

    2.    MATTHEW MARSH has been named as a defendant in an Indictment in the above captioned matter, Criminal No. 4:05-cr-40025-FDS, charging him with one count of  conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, and two counts of distribution of cocaine base and aiding and abetting same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

3.      By way of this Information, the government notifies MATTHEW MARSH that he

is charged with committing the crimes alleged in said Indictment after having

been previously convicted of the felony drug offenses set out in Paragraph 1

above, and that at the sentencing of defendant MATTHEW MARSH, the

government will seek increased punishment by reason thereof.

All in keeping with Title 21, United States Code, Section 851(a)(1).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:      _____/s/ Lisa M. Asiaf_____
                LISA M. ASIAF
November 17, 2005                Assistant U.S. Attorney
                Tel:  (617) 748-3268

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing document by
depositing in the United States mail a copy of same in an envelope bearing sufficient postage for
delivery to all counsel of record who do not automatically receive service of process via the
Court's ECF electronic filing system.

This 17th day of November 2005.

_____/s/ Lisa M. Asiaf_____
LISA M. ASIAF

**EXHIBIT 1**

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## District of Massachusetts

UNITED STATES OF AMERICA

v.

**MATTHEW MARSH**

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: **1:95CR10244-003**

**James F. Duggan, Esq.**

Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count(s)  **S1 - S3**

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

*DOCKETED*

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 963 | Conspiracy to Import Cocaine Base | 07/16/1995 | S1 |
| 21 U.S.C. § 952 | Importation of Cocaine Base | 07/16/1995 | S2 |
| 21 U.S.C. § 841 (a)(l) | Possession with Intent to Distribute Cocaine Base | 07/16/1995 | S3 |
| 21 U.S.C. § 841 (b)(l)(A)iii | Possession with Intent to Distribute Cocaine Base | 07/16/1995 | S1-S3 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**

Defendant's Date of Birth: **07/02/1975**

Defendant's USM No.: **20687-038**

Defendant's Residence Address:

**28 Beacon Street, #2**

**Fitchburg,**          **MA**     **01420**

Defendant's Mailing Address:

**28 Beacon Street, #2**

**Fitchburg,**          **MA**     **01420**

**09/06/1996**

Date of Imposition of Judgment

*[signature]* Robert E Keeton

Signature of Judicial Officer

**Robert E. Keeton**

**United States District Judge**

Name & Title of Judicial Officer

*10/1/96*

Date

I hereby certify on the foregoing document is a full, true and correct copy of the electronic docket in the captioned case
electronically filed original filed on _____
SARAH A. THORNTON
Clerk, U.S. District Court
District of Massachusetts
By: _____ Deputy Clerk

AO 245B (Rev. 3/95) Sheet 2 - Imprisonment

Judgment-Page __2__ of __6__

DEFENDANT:        **MATTHEW MARSH**
CASE NUMBER:      **1:95CR10244-003**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___48___ **month(s)** _____.

**Said period in custody to be served concurrently on Counts S1 - S3.**

**FINDING: Defendant has been in custody under these charges from July 16, 1995, to August 4, l995, and again February 7, 1996 to the present.**

☒ The court makes the following recommendations to the Bureau of Prisons:

   **That, if feasible, defendant be assigned to the Boot Camp Program.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ a.m./p.m.  on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
                                    UNITED STATES MARSHAL

                              By _____
                                            Deputy U.S. Marshal

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

Judgment-Page ___3___ of ___6___

DEFENDANT: **MATTHEW MARSH**

CASE NUMBER: **1:95CR10244-003**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___60___ **month(s)** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Sheet    3.01**

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

DEFENDANT:      **MATTHEW MARSH**
CASE NUMBER:    **1:95CR10244-003**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant is to participate in a program for substance abuse as directed by the Chief U.S. Probation Officer, which program may include testing to determine whether the defendant has reverted to the use of alcohol or drugs.

The defendant is to participate in a mental health program as directed by the Chief U.S. Probation Officer.

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page   4   of   6

DEFENDANT:        **MATTHEW MARSH**

CASE NUMBER:    **1:95CR10244-003**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $      150.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $  _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
| **Totals:** | $ _____ | $ _____ |  |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245B (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page ___5___ of ___6___

DEFENDANT:      **MATTHEW MARSH**
CASE NUMBER:    **1:95CR10244-003**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as

AO 245B (Rev. 3/95) Sheet 6 - Statement of Reasons

Judgment-Page  6  of  6

DEFENDANT:      **MATTHEW MARSH**
CASE NUMBER:    1:95CR10244-003

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

### OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**See Memorandum of Sentencing Hearing and Report of Statement of Reasons Attached.**

**Guideline Range Determined by the Court:**

Total Offense Level:     27

Criminal History Category:     I

Imprisonment Range:     70   to     87   months

Supervised Release Range:     5   to     5   years

Fine Range: $     12,500.00   to $   12,000,000.00

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $     0.00

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

### OR

☒ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☒ for the following specific reason(s):

**See Memorandum of Sentencing Hearing and Report of Statement of Reasons Attached.**

(9/8/89)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA

v.                                CRIMINAL NO. **95-10244-REK**

**MATTHEW MARSH,**
        Defendant


# MEMORANDUM OF SENTENCING HEARING
# AND
# REPORT OF STATEMENT OF REASONS


*KEETON, D.J.*


Counsel and the defendant were present for sentencing hearing on **SEPTEMBER 6, 1996**. The matters set forth were reviewed and considered. The reasons for sentence pursuant to Title 18 U.S.C. §3553(c), as set forth herein, were stated in open court:

1.    Was the presentence investigation report (PSI)
reviewed by counsel and defendant including any
additional materials received concerning
sentencing?                                    __X__ Yes _____ No

2.(a)    Was information withheld pursuant to
FRCrP 32(c)(3)(A)?                              _____ Yes __X__ No

(b)    If yes to (a), has summary been provided by
the court pursuant to FRCrP 32(c)(3)(B)?       _____ Yes _____ No


(1)

3.(a)   Were all factual statements contained in the
        PSI adopted without objection?                          _____Yes __X___No

   (b)  If no to (a) the PSI was adopted in part with the exception of
        the following factual issues in dispute:

¶40 MODIFIED FROM $2,000 TO $1,000 PER TRIP. OTHERWISE, THE FACTUAL STATEMENTS
ARE CORRECT AND ARE ADOPTED.

ALSO, ¶47 CHANGED TO -4, "MINIMAL" PARTICIPANT, AS JOINTLY RECOMMENDED.

THIS CHANGES ¶50 TO 30, AND ¶52 TO 27, TOTAL OFFENSE LEVEL.

AS TO DEFENSE MOTION FOR DOWNWARD DEPARTURE, I CONCLUDE THAT UNDER <u>UNITED
STATES</u> V. <u>GRANDMAISON</u>, THE COURT DOES HAVE AUTHORITY FOR DOWNWARD
DEPARTURE. FOLLOWING THE STEP-ANALYSIS OF <u>UNITED STATES</u> V. <u>RIVERA</u>, I CONCLUDE
THAT DEPARTURE IS AUTHORIZED AND FACTUAL SUPPORT FOR PROPOSED DEPARTURE
WARRANTS THIS EXERCISE OF DISCRETION. I FIND DEPARTURE APPROPRIATE, IN VIEW OF
FACTORS PRESENTED IN PART II.8-14 OF DEFENDANT'S MOTION, WHICH I CREDIT.

(c)     Disputed issues have been resolved as
        follows after ___ evidentiary hearing, __ further
        submissions and/or __ arguments:

4.(a)   Are any legal issues in dispute?                    _____Yes __X__No

        If yes, describe disputed issues and their resolution:

5.(a)   Is there any dispute as to guideline
        applications (such as offense level, criminal
        history category, fine or restitution) as
        stated in the PSI?                                  _____Yes __X__No

        If yes, describe disputed areas and their resolution:

(b)     Tentative findings as to applicable guidelines are

        Total Offense Level:_____27_____

        Criminal History Category:____I_____

        ___70___ to ___87____ months imprisonment
                **DEFENDANT AVOIDS 10 YEAR MANDATORY MINIMUM; QUALIFIES
                FOR SAFETY VALVE UNDER 18 U.S.C. §3553 AND GUIDELINE
                §5C1.2.**

        ___60____ to ___60____ months supervised release

        $ 12,500_____ to $ 12,000,000____ fine (plus $ 14,520 cost of annual
                                                    imprisonment/supervision)

        $___--_____ restitution

        $___150_____ special assessment ($ 50_ on COUNTS 1, 2, 3)

(3)

6.(a)  Are there any legal objections to
       tentative findings?                                 _____Yes __X__No

 (b)   If no, findings are adopted by the Court.

 (c)   If yes, describe objections and how they were
       addressed:
       OR sentence hearing is continued to _____
       to allow for preparation of oral argument or filing of
       written submissions by _____.




7.(a)  Remarks by counsel for defendant.*                  __X__Yes _____No

 (b)   Defendant speaks on own behalf.                     __X__Yes _____No

 (c)   Remarks by counsel for government.                  __X__Yes _____No
                    *The order of argument and/or recommendations and allocution
                    may be altered to accord with the Court's practice.

8.     The sentence will be imposed in accordance with the prescribed forms in Bench Book Sec. 5.02 as follows:

_____48_____ months imprisonment

_____ months/intermittent community confinement

_____ months probation

_____60_____ months supervised release

$ ___--___ fine (including cost of imprisonment/supervision)

$ ___--___ restitution

$ ___150___ special assessment ($_50_ on COUNTS 1, 2, 3)

Other provisions of sentence: (community service, forfeiture, etc.)

<u>ON COUNTS 1, 2, AND 3 CONCURRENTLY:</u>
48 MONTHS IN CUSTODY OF BUREAU OF PRISONS, FOLLOWED BY 60 MONTHS SUPERVISED RELEASE. $150 SPECIAL ASSESSMENT, BEING $50 ON EACH COUNT.

NO FINE BECAUSE OF LACK OF RESOURCES. RESTITUTION N/A.

<u>SPECIAL CONDITIONS OF SUPERVISED RELEASE:</u>
1. THE DEFENDANT IS PROHIBITED FROM POSSESSING A FIREARM OR OTHER DANGEROUS WEAPON.

2. THE DEFENDANT IS TO PARTICIPATE IN A PROGRAM FOR SUBSTANCE ABUSE AS DIRECTED BY THE UNITED STATES PROBATION OFFICE, WHICH PROGRAM MAY INCLUDE TESTING TO DETERMINE WHETHER THE DEFENDANT HAS REVERTED TO THE USE OF ALCOHOL OR DRUGS.

3. THE DEFENDANT IS TO PARTICIPATE IN A MENTAL HEALTH PROGRAM AS DIRECTED BY THE UNITED STATES PROBATION OFFICE.

<u>RECOMMENDATION:</u>
ASSIGNMENT TO BOOT CAMP PROGRAM, IF FEASIBLE.

<u>FINDING:</u>
DEFENDANT HAS BEEN IN CUSTODY UNDER THESE CHARGES FROM JULY 16, 1995, TO AUGUST 4, 1995, AND AGAIN FEBRUARY 7, 1996, TO PRESENT.

9.      Statement of reasons for imposing sentence.
        Check appropriate space:

(a)_____Sentence is within the guideline range and that range does not
        exceed 24 months and the Court finds no reason to depart from
        the sentence called for by application of the guidelines.

OR_____ Sentence is within the guideline range and that range exceeds 24 months and the
        reasons for imposing the selected sentence are:

(b)__X__Sentence departs from the guideline range as a result of

        _____substantial cooperation upon motion of the government

              OR

        __X__a finding that the following (aggravating or mitigating)
        circumstance exists that is of a kind or degree not
        adequately taken into consideration by the Sentencing
        Commission in formulating the guidelines and that this
        circumstance should result in a sentence different
        from that described by the guidelines for the following
        reasons:

              **FINDING WITH RESPECT TO ABERRANT BEHAVIOR.**

(c)_____Is restitution applicable in this case?          _____Yes ___X___No

        Is full restitution imposed?                     _____Yes _____No

        If no, less than full restitution is imposed for
        the following reasons:

(d)__Is a fine applicable in this case?                   __X__ Yes _____No

Is the fine within the guidelines imposed?                _____Yes __X__ No

If no, the fine is not within guidelines or no fine is
imposed for the following reasons:

__X__ Defendant is not able, and even with the
      use of a reasonable installment schedule is
      not likely to become able, to pay all or part
      of the required fine; or

_____ Imposition of a fine would unduly burden
       the defendant's dependents; or

___ Other reasons as follows:

10.    Was a plea agreement submitted in this case?        __X__ Yes _____No

(a)    If no to 10, was notice given to
       defendant of right to appeal and
       to have counsel on appeal?                          _____Yes _____No

            Did defendant request court to direct
            Clerk to file Notice of Appeal?                _____Yes _____No

            Was Clerk so directed?                         _____Yes _____No

(b)    If yes to 10,

       (1) was notice given to defendant
       of right to appeal (as to sentencing
       determination) and to have counsel
       on appeal?                                          _____Yes _____No
                                                           __X__Not Applicable

            Did defendant request court to direct
            Clerk to file Notice of Appeal?                _____Yes _____No

            Was Clerk so directed?                         _____Yes _____No

       (2) check appropriate space:

____        The Court has accepted a Rule 11(e)(1)(A) charge
            agreement because it is satisfied that the agreement
            adequately reflects seriousness of the actual offense
            behavior and accepting the plea agreement will not
            undermine the statutory purposes of sentencing.

____        The Court has accepted a Rule 11(e)(1)(B) plea
            and has sentenced within the guideline range.

____        The Court has accepted a Rule 11(e)(1)(C)
            sentence agreement that is within the applicable
            guideline range.

__X__       The Court has accepted either a Rule 11(e)(1)(B)
            sentence recommendation or a Rule 11(e)(1)(C)
            sentence agreement that departs from the applicable
            guideline range because the Court is satisfied that
            such a departure is authorized by 18 U.S.C. §3553(b).

11.    Suggestions for guideline revisions resulting
       from this case are submitted by an attachment
       to this report.                                     _____Yes   X  No

12.    The PSI is adopted as part of the record, either in
       whole or in part as discussed above and is to be
       maintained by the U.S. Probation Department under
       seal unless required for appeal.

13.    Judgment will be prepared by the clerk in accordance
       with above.

14.    The clerk will provide this Memorandum of Sentencing Hearing
       And Report of Statement of Reasons to the U.S. Probation
       Department for forwarding to the Sentencing Commission, and if
       the above sentence includes a term of imprisonment, to
       the Bureau of Prisons.

__9/9___, 1996_              ____Robert E Keeton_____
DATE                        UNITED STATES DISTRICT JUDGE

(8)