UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| OF AMERICA ) | |
| ) | |
| ) | |
| ) | CRIMINAL NO. 05CR 40025 FDS |
| V. ) | |
| ) | |
| MATTHEW MARSH, ) | |
|     Defendant, ) | |
| ) | |

MEMORANDUM IN SUPPORT OF
MOTION BY DEFENDANT, MATTHEW MARSH, FOR 116.1 INFORMATION

Local Rule 116.1(a)(7) requires disclosure of any promises, rewards, or inducements given to government witnesses together with accompanying statements. The mere invocation of the nondisclosure provisions of Rule 116.1(d) by the government is not enough.

On June 16, 2005 the government has disclosed the fact that there are four confidential witnesses who appear to be percipient witnesses to various transactions, some where the defendant was present and some where the co-defendant was present. The government has declined to name these witnesses but did disclose certain payments they received and informed the defendant that they would be witnesses at trial. The defendant's rights to receive a fair trial and to present a defense clearly override the informant's privilege in these circumstances. See, Roviaro v. United States, 353 U.S. at 60-64 (l957).

Under Rovario, there is no fixed rule with respect to disclosing of the identity of a confidential informant, although several considerations can be taken into account by the court, the crime charged, the possible defenses, the possible significance of the witnesses testimony, and other relevant facts. Id., 353 U.S. at 62. See also United States v. Robinson, 144 F. 3d 104, 106 (1st Cir. L998). The disclosure of a confidential informant's identity is a matter entrusted to the sound discretion of the court based on the particular circumstances of each case. See United States v. Batista-Polanco, 927 F.2d 14, 19 (1st Cir. 1991). Even so, the government's privilege to

withhold the names of informers must give way if the government's witness was percipient and was the only witness in a position to amplify or contradict the testimony of government witnesses. Where the witness is an active participant disclosure will almost always be material to the accused's defense. Gilmore v. United States, 256 F.2d 565, 567 (5th Cir. 1958).

Defendant's need for disclosure and the timing of that disclosure must be balanced against a witness's personal safety. See Roviaro, 353 U.S. at 62. However, in the case at hand, the government has not given us any specific reasons for their concerns regarding these witnesses safety other than the blanket assertion that they would provide their names later because of the government's concerns for these witnesses' safety. There are no particulars offered as to what safety concerns they have and how that association might play out in the case at bar. United States v. Batista-Polanco, 927 F.2d 14, 19 (1st Cir. 1991).

Furthermore, the government is required to disclose impeachment evidence that is favorable to the defendant and material to guilt or punishment. See Giglio v. United States, 405 U.S. 150, 154 (l972). Also, see Ouimette v. Moran, 942 F.2d 1-11 (1st Cir. l991), where the District Court found that deliberate suppression of the bulk of the prior criminal record of the state's star witness and the deals made with him to testify created a reasonable doubt about the jury verdict convicting the defendant.

Therefore, the content of the informer's communications, together with the identity of the informer, together with disclosure of promises, rewards or inducements, must be disclosed to the defendant in this case in order to meet the fairness requirements of Roviaro.

                                        Respectfully submitted,

                                        THE DEFENDANT

                    By:    /s/ Alan J. Black
                            ALAN JAY BLACK, His Attorney
                            1383 Main Street
                            Springfield, MA 01103
                            (413) 732-5381
                            BBO#553768