UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 05-40025-FDS |
| MATTHEW MARSH, *et al*, | ) ) | |
| Defendants. | ) ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR FURTHER DISCOVERY PER LOCAL RULE 116.1(D)**

The United States of America, by and through the undersigned Assistant U.S. Attorney, hereby responds to the *Motion for Further Discovery Per Local Rule 116.1(D)* filed by the defendant Matthew Marsh ("Marsh" or "Defendant") on December 5, 2005.

### I. RELEVANT BACKGROUND

On April 28, 2005, a federal grand jury returned a three-count indictment against Marsh and his co-defendant, Nydia Sharaai Bernabel, a/k/a "Nonni," a/k/a "Nanni," charging them with conspiracy to distribute at least five grams of crack cocaine and two substantive counts of distributing (and aiding and abetting the distribution of) crack cocaine on November 9, 2004.

On June 16, 2005, the government produced automatic discovery pursuant to Local Rule 116.1, including approximately 150 pages of documentary evidence and approximately 15 audio and/or video recordings. In accordance with Local Rule 116.6, the government also filed a declination letter on June 16, 2005, declining to identify the cooperating witnesses referenced in its automatic discovery letter. The government produced additional automatic discovery on June 22, 2005 and July 6, 2005, including information related to monetary payments made by DEA to the cooperating witnesses referenced in the government's discovery.

Marsh now seeks additional discovery related to the four cooperating witnesses referenced

in the government's discovery letters dated June 16, 2005 and July 6, 2005. Nearly all of the information sought in Marsh's motion, however, constitutes <u>Jencks</u> material or "21-day discovery" and is therefore not yet subject to production. For this reason, and for the additional reasons set forth below, Marsh's discovery motion should be denied.

## II.   GOVERNMENT'S RESPONSE

### A.   Defendant's Discovery Motion is Procedurally Barred

Defendant's motion should be denied because it violates Local Rule 116.3. Specifically, Local Rule 116.3(E) provides as follows:

> Except in an emergency, <u>no discovery motion</u>, or request for a bill of particulars, <u>shall be filed until</u> the opposing party has declined in writing to provide the requested discovery or has failed to respond in writing within fourteen (14) days of receipt to a written request.

*See* Local Rule 116.3(E) (emphasis added). The Defendant has not complied with this rule. To date, the undersigned attorney for the government has not received a discovery request letter from the Defendant under Local Rule 116.3, nor has the Defendant filed any such discovery request letter with the Clerk's Office as required by Local Rule 116.3(A).

Defendant's discovery motion should therefore be denied as premature and procedurally barred under Local Rule 116.3(E).

### B.   Defendant's Discovery Motion Also Fails on the Merits

As an initial matter, the government hereby notifies the Defendant that at the present time, the government does <u>not</u> intend to call the confidential witnesses referenced in its discovery letters as "CW2" or "CW4" in its case-in-chief at trial. With respect to confidential witnesses "CW1" and "CW3," Marsh's motion fails on the merits. Each of the Defendant's discovery requests is addressed seriatim:

1. <u>Grand jury minutes</u>: In his first request, Marsh seeks all grand jury minutes of any testimony related to this indictment given by the cooperating witnesses referenced in the government's automatic discovery letters. As noted above, at the present time, the government does <u>not</u> intend to call "CW2" or "CW4" as witnesses in its case-in-chief at trial. With respect to any grand jury testimony of "CW1" and/or "CW3," the Defendant has cited no authority in support of this request. To the extent that the Defendant has a right to such information under the <u>Jencks</u> Act, 18 U.S.C. § 3500, that right is not invoked until "[a]fter a witness called by the United States has testified on direct examination...." *See* 18 U.S.C. § 3500. In further response, however, the government notes that although it objects to this request at this stage of the proceedings, it will likely produce <u>Jencks</u> material that is in its possession, custody, or control earlier than required by § 3500.

2. <u>Previously recorded testimony</u>: Like his request for grand jury testimony, Marsh's request for "all previously recorded testimony" by the cooperating witnesses is premature. Again, not only does Marsh fail to cite any authority in support of this request, but such recorded testimony constitutes <u>Jencks</u> material under 18 U.S.C. § 3500, which is not subject to production until "[a]fter a witness called by the United States has testified on direct examination...." *See* 18 U.S.C. § 3500. In further response, however, the government notes that although it objects to this request at this stage of the proceedings, it will likely produce <u>Jencks</u> material

3. <u>History of cooperation</u>: To the extent that Marsh's third request seeks "promises,

3

rewards, or inducements" given to CW1 or CW3, the government objects to this request as improper under Local Rule 116.3(D), which expressly prohibits a defendant participating in automatic discovery from requesting information already required to be produced under Local Rule 116.1. In further response, the government states that its discovery letter dated July 6, 2005, disclosed all payment information related to all of the cooperating witnesses referenced in the government's automatic discovery. To the extent that the government becomes aware of additional "promises, rewards, or inducements" given to CW1 or CW3, the government is aware of its continuing duty to disclose under Fed.R.Crim.P. 16(c) and will continue to comply with those discovery obligations.

To the extent that Defendant's request for a "history of these witnesses cooperation" constitutes "21-day discovery" (including information tending to cast doubt on the credibility or accuracy of the government's witnesses or evidence, or information reflecting bias or prejudice), such material is not required to be produced until, at the earliest, 21 days before trial. See L.R. 116.2(B)(2). The government is aware of its discovery obligations under Local Rule 116.2(B)(2), and will disclose all such material in accordance with that rule.

4. <u>Transcript of all tapes</u>:   The government objects to this request as improper under Local Rule 116.3(D), which expressly prohibits a defendant participating in automatic discovery from requesting information already required to be produced under Local Rule 116.1. The government has already produced a written description of all recordings made in connection with this investigation, along with a copy of all

4

cassette tapes and DVD's. The government's discovery obligations are limited to information within its "possession, custody, or control" and as stated in its automatic discovery letter dated June16, 2005, "no transcripts of [such] recordings have been created at this time."

5. <u>Names and addresses</u>: Marsh's request for the names and addresses of the government's cooperating witnesses should also be denied. There is no constitutional or statutory requirement that the identities of prosecution witnesses be disclosed before trial. <u>United States v. Bello-Perez</u>, 977 F.2d 664, 670 (1st Cir. 1992); <u>United States v. Reis</u>, 788 F.2d 54, 58 (1st Cir. 1986); <u>United States v. Barrett</u>, 766 F.2d 609, 617 (1st Cir.1985); <u>see</u> <u>also</u> <u>United States v. Hamilton</u>, 452 F.2d 472, 479 (8th Cir. 1971) (identity of witnesses is information the government is not normally required to supply to the criminal defendant). In amending the Federal Rules of Criminal Procedure in 1975, Congress specifically declined to impose reciprocal discovery obligations for the names and addresses of trial witnesses. It adopted, instead, the Senate and House Conference version of the amendments, "thereby making the names and addresses of a party's witnesses nondiscoverable." H.R. Conf. Rep. No. 414, 94th Cong., 1st Sess. 12 (1975), <u>reprinted in</u> 1975 U.S.C.C.A.N. 713, 716. In explaining Congressional preference for the non-discoverability of the identities of witnesses, the House Conference report stated:

> A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses

> and improper contacts directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

Id. In explaining this policy decision on the floor of the United States Senate, Senator John L. McClellan, a member of the Conference Committee, stated:

> Although it should be obvious, I want to emphasize that the policy choice was directly presented and positively resolved in favor of affording all possible protection and encouragement to witnesses in Federal criminal cases. This includes the ability of the prosecutor to assure a reluctant or fearful witness that his identity will not be divulged prior to appearance at trial. Although there may be unusual cases involving fundamental fairness, the congressional decision on this issue should be taken as clear disapproval of the exercise of so-called inherent power by the courts to fashion local rules or individual orders calling for discovery of witnesses, . . . . except insofar as such discovery may be required to effectuate a party's right to constitutional due process of law.

Cong. Rec. S. 14301 (July 30, 1975). See also Local Rule 117.1(A)(8)(requiring disclosure of government's witness list seven days before trial).

The government recognizes its obligation to disclose the identity of any cooperating witness it intends to use as a witness at trial. The government has traditionally not been required to disclose prospective witness until seven days before trial. Bello-Perez, 977 F.2d at 670; United States v. Reis, 788 F.2d 54, 58 (1st Cir.1986); Barrett, 766 F.2d at 617. Nothing in Roviaro v. United States, 353 U.S. 53 (1957) entitles the Defendant to early disclosure in this case. In Roviaro, the Supreme Court recognized the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro, 353 U.S. at 59. The Court noted that an informant's confidentiality serves important law enforcement objectives – *i.e.,*

it encourages citizens to communicate their knowledge of criminal activity to law enforcement officials by preserving their anonymity. Id. at 59. Although the Court recognized that the privilege is qualified (and must give way where the disclosure of an informant's identity is: (1) relevant or helpful to the defense of the accused; or (2) essential to a fair determination of a cause), id. at 60-61, the Court declined to adopt rigid guidelines as to when the privilege should apply. Id. at 62. Instead, the Court instructed lower courts to *balance* the public interest in protecting the flow of information against the individual's right to prepare his defense given the particular circumstances of each case. Id. at 62; United States v. Formanczyk, 949 F.2d 526, 529 (1st Cir. 1991).

The principles governing the disclosure of cooperating witnesses and confidential informants are now codified in the Local Rules of this Court. Under Local Rule 116.2, the identity of any person whom the government anticipates calling as a witness *and* who has received any promise, reward, or inducement is to be presumptively made at the time of the government's initial automatic disclosure. The government has the right to decline to make that disclosure, however, whenever it concludes that the disclosure would be detrimental to the interests of justice. See Local Rule 116.6(A). The government has exercised that right in this case. As stated in the government's declination letter dated June 16, 2005, disclosure of the identities of the cooperating witnesses referenced in the government's automatic discovery letter may jeopardize their safety and welfare. This remains true with respect to "CW1" and "CW3." Disclosure of the identities of these cooperating

        witnesses may jeopardize the safety and welfare of both these witnesses and their families. Such disclosure may also jeopardize ongoing law enforcement investigations in which these cooperating witnesses are involved.

        For all of the foregoing reasons, the government respectfully requests that disclosure of the identities of the government's cooperating witnesses be deferred until twenty-one days before trial in accordance with the Local Rules.

6. <u>Criminal records</u>: The government recognizes its obligation under Local Rule 116.2(B)(1)(d) to produce redacted copies of the criminal records of the cooperating witnesses that it intends to call during its case-in-chief. The government is in the process of obtaining such records and agrees to produce redacted copies to the Defendant forthwith.

7. <u>Promises, Rewards, or Inducements</u>: The government objects to this request as improper under Local Rule 116.3(D), which expressly prohibits a defendant participating in automatic discovery from requesting information already required to be produced under Local Rule 116.1. The government has already produced such discovery in its automatic discovery letters dated June 16, 2005 and July 6, 2005. In addition, the government is aware of its continuing duty to disclose under Fed.R.Crim.P. 16(c) and will continue to comply with those discovery obligations.

8. <u>Offers of Immunity</u>: It is the understanding of the undersigned attorney for the government that neither "CW1" nor "CW3" has been offered immunity in exchange for his/her cooperation in this matter. If the government becomes aware of any such offers of immunity, counsel for the Defendant will be immediately notified.

9. <u>Law Enforcement Records</u>:  In accordance with Local Rule 116.2(B)(1)(d), the government has agreed to produce redacted copies of the criminal records of the cooperating witnesses that it intends to call during its case-in-chief.  <u>See</u> Response 6 above.  The government will produce all material required by Local Rule 116.2(B)(2) twenty-one days before trial, as required by the rules.

10. <u>Preservation of Agents' Notes</u>:  All agents working on this case have been advised of their obligation to retain notes.  The government will review any and all notes prepared in connection with the transactions described in the indictment in this case for purposes of determining if they contain any <u>Brady</u> information, in which case appropriate disclosures will be made in accordance with the Local Rules.

### III.   CONCLUSION

For all of the foregoing reasons, the Defendant's *Motion for Further Discovery Per Local Rule 116.1(D)* should be denied.

DATED:   December 19, 2005                                Respectfully submitted,

                                                                            MICHAEL J. SULLIVAN
                                                                            United States Attorney


                                                              By:    */s/ Lisa M. Asiaf*
                                                                            Lisa M. Asiaf
                                                                            Assistant U.S. Attorney
                                                                            Tel:  (617) 748-3268


**CERTIFICATE OF SERVICE**

9

      This is to certify that I have this day served a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery to all counsel of record who do not automatically receive service of process via the Court's ECF electronic filing system.

      This 19th day of December 2005.

                                                ***/s/ Lisa M. Asiaf***
                                                Lisa M. Asiaf
                                                Assistant U.S. Attorney
                                                Tel: (617) 748-3268