UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )    **Criminal Action**
                                    )    **No. 05-40025-FDS**
MATTHEW MARSH, ET AL.,              )
         Defendants,                )
                                    )
_____)

**ORDER**
January 17, 2006

SWARTWOOD, C.M.J.

This matter was referred to me on May 2, 2005 for determination of all pretrial proceedings. This Order addresses Defendant, Matthew Marsh's, Motion For Further Discovery Per Local Rule 116.1(D)(Docket No 34).

Discussion

Pursuant to this Court's Local Rules, no discovery motions shall be filed with the Court *unless* the "moving party [has conferred] with opposing counsel to attempt to eliminate or narrow the areas of disagreement". LR,D.Mass. 116.3(F). Furthermore, the moving party must certify in its discovery motion that it has complied with this requirement, or that the opposing party has refused to confer. Id. Additionally, Mr. Marsh has in this motion

requested information that the Government is required to disclose under the Local Rules. The Local Rules expressly provide that defendants "*must not*" request information which is expressly required to be produced under LR,D.Mass. 116.1. LR, D.Mass. 116.3(D)(emphasis added).

Defendant has failed to comply with this Court's Local Rule 116.3. Generally, it has been my practice to refuse to address discovery motions where the moving party has failed to comply with Rule 116.3. In order to move this case along, I am addressing Mr. Marsh's motion for discovery. However, counsel for Mr. Marsh is on notice that in the future, any discovery motions filed in this Court which do not comply with Local Rule 116.3 will be denied without consideration.

1. Grand Jury Minutes.

Mr. Marsh seeks a copy of the grand jury testimony of the four confidential informants relating to this Indictment.

> The Government has indicated that it will only be calling CW1 and CW3 in its case-in-chief. As to these witnesses, their grand jury testimony constitutes Jencks Act material, see 18 U.S.C. §3500, which the Governments shall produce two weeks prior to trial. In all other respects, this request is denied.

2. Prior Recorded Testimony.

Mr. Marsh seeks copies of all previously recorded testimony of the four confidential witnesses and whether they have testified for the United States or any governmental agency.

>    The Government has agreed to disclose such material with respect to CW1 and CW3.  The government shall make such disclosure two weeks before trial.  In all other respects, this request is <u>denied</u>.

3,7.  <u>Prior History; Promises, Rewards and Inducements</u>.

Mr. Marsh requests that the Government disclose the history of the four confidential witnesses' cooperation with the United States Government, including a list of previous rewards and inducements received for all prior cases.  Mr. Marsh also requests all promises rewards and inducements of any kind given to these four confidential witnesses in this case.

>    This Court's Local Rules require that all the information required by Mr. Marsh in these requests (Numbers 3, 7) be disclosed by the Government.  The Government has made it clear that it understands its obligation to comply with the Local Rules and therefore, this request is <u>denied</u>, as moot.

4.   <u>Transcript of Recorded Conversations</u>.

Mr.  Marsh seeks a transcription of all tapes and all conversations of the four confidential witnesses relating to the investigation of this matter.

>    The Government has indicated that it has provided all written reports, tapes and DVDs to Mr. Marsh concerning this matter, and that no transcripts have been prepared. Therefore, this request is <u>denied</u> as moot. If the Government prepares any transcripts of conversations of the confidential witnesses, it shall provide copies of the same to Mr. Marsh.

5.   <u>Disclosure of Names of Confidential Witnesses</u>.

Mr.  Marsh seeks the identities and addresses of the Government's confidential witnesses.

> The Government acknowledges its obligation to disclose such information in a timely manner, and has indicated that it will do so at least twenty-one days prior to trial. Therefore, this request is <u>denied</u>, as moot.

6.   <u>Arrests and Convictions of Confidential Witnesses</u>.

Mr. Marsh requests disclosure of the full record of arrests and convictions of the four confidential witnesses including whether any of them are currently under investigation for violations of state or federal law.

> The Government is providing redacted copies of its confidential witnesses's criminal records. As stated above, the Government will disclose the names of these witness's at least twenty-one days prior to trial. To the extent Mr. Marsh seeks additional information, this request is <u>denied</u>.

8.   <u>Grants Of Immunity</u>.

Mr. Marsh has requested that the Government identify all witnesses who have been offered immunity in connection with this case.

> The Government has responded to this request, and therefore, it is <u>moot</u>.

9.   <u>Records of Law Enforcement Agencies</u>.

Mr. Marsh requests the records of any law enforcement agency, federal, state or local, which pertain to criminal activity, arrest and/or conviction of the confidential witnesses.

> First, I remind Mr. Marsh that the Government is obligated to disclose only that information which is in its possession, custody or control. The Government is not obligated to canvass state or local law enforcement agencies to determine if such agencies might have information relating to these witness. Second, as stated

- 4 -

above, the Government will produce redacted copies of the criminal records of these witnesses and any other materials it is required to disclose in accordance with its obligations under this Court's Local Rules, <u>Brady</u> and it progeny, <u>Giglio</u>, etc. Therefore, this request is <u>denied</u>.

10.  <u>Preservation of Notes, Etc.</u>

Mr. Marsh requests that the Government preserve for trial all original notes taken by investigating law enforcement officials, including DEA and FBI agents, of any interviews with the confidential witnesses.

The Government has already instructed its agents to preserve such notes and therefore, this request is <u>moot</u>.

<u>Conclusion</u>

1.   Matthew Marsh's, Motion For Further Discovery Per Local Rule 116.1(D)(Docket No 34) is <u>allowed</u> in part and <u>denied</u> in part as provided in this Order.

/s/ Charles B. Swartwood III
Charles B. Swartwood, III
CHIEF MAGISTRATE JUDGE