UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES ) | | |
| OF AMERICA ) | | |
|     Plaintiff ) | | |
| ) | | |
| ) | CRIMINAL NO. 4:05-cr-40025-FDS | |
| V. ) | | |
| ) | | |
| MATTHEW MARSH, ) | | |
|     Defendant, ) | | |
| ) | | |

### MEMO OF LAW IN SUPPORT OF MOTION TO SUPPRESS UNLAWFUL STOP OF DEFENDANT'S VEHICLE AND SUBSEQUENT SEARCH AND SEIZURE OF MARKED MONEY ON THE CO-DEFENDANT AND SUBSEQUENT IDENTIFCATIONS OF THE DEFENDANT

The defendant in the above-entitled indictment has moved to suppress evidence seized from the defendant and the co-defendant's person, all observations and identifications made by individuals and any other evidence seized as a result of the stop of a black Jeep, Massachusetts license plate number 6815 MX by the Fitchburg Police Department on November 9, 2004 while the defendant was driving in the area of Lawrence and Goodrich Streets in Fitchburg, MA.

The evidence sought to be suppressed consists of currency, all identifications of the defendant and any other items intended to be introduced against the defendants by the government.

The defendant also moves to suppress all fruits of the unlawful stop, including but not limited to any statements made by the defendant, if any, to the police at the time of this stop and all identifications made by officers and other individuals.

STATEMENT OF FACTS

In a police report written by Kenneth Gaetz of the Fitchburg Police Department, he stated that he observed a dark motor vehicle bearing Massachusetts plates 6815MX make two abrupt turns. Based on this and this alone, Officer Gaetz activated the cruiser's lights and pulled the

defendant's vehicle over. The defendant was driving and the co-defendant was in the passenger seat. After the defendant was pulled over, it was discovered that both the defendant and co-defendant had warrants outstanding for their arrest. The defendant and the co-defendant were arrested and taken to the Fitchburg Police Station. Some time during the arrest, marked buy monies was discovered on the person of the co-defendant. The transaction in which this buy money was used allegedly to buy drugs took place one-half hour prior to this stop of the defendant.

ARGUMENT

I.  THERE WAS NO PROBABLE CAUSE FOR THE STOP AND THE ARREST OF THE DEFENDANT

To establish probable cause, the government must demonstrate that "at the time of the arrest, the facts and circumstances known to the arresting officers were sufficient to warrant a prudent person in believing that the defendant had committed or was committing an offense. United States v. Bizier, 111 F.3d 214 (1st Cir. 1997) In Bizier it was the defendant that sold to an informant Id. The informant told this to the police. The troopers also detected signs of intoxication when the car was stopped It was clear in that case that the probable cause standard applied. They believed an infraction occurred, had information of a direct sale and notice symptoms of intoxication. This case is the kind of case which probable cause exists. In our case these kinds of signs were noticebly absent.

The totality of circumstances test to determine whether there is probable cause to arrest was first laid out in Illinois v. Gates, 462 U.S. 213, 230 (l983) and further applied to threshold inquiry stops in Alabama v. White 496 U.S. 325 (l990). Examining Gaetz's reasons for stopping the defendant, it appears that he stopped the defendant's vehicle for making two sharp turns. There is nothing in his report to indicate that the defendant committed an infraction or any other

violation of the law. The defendant was not cited for anything and there is nothing in the report to indicate that the driving amounted to reckless driving. There is nothing to indicate that this driving caused other cars danger or caused other cars to avoid them based upon their bad driving. In short Gaetz stopped the defendant's vehicle for no reason at all.

I.I.     THERE WAS NO ARTICULABLE SUSPICION FOR THE STOP AND THE ARREST OF THE DEFENDANT

Neither did this stop amount to a valid investigatory stop. Terry v. Ohio, 392 U.S. 1 (l968). Whether police activity is reasonable in any particular context depends on the facts which are unique to that incident. See United States v. Rodriguez-Morales, 929 F.2d 780, 783 (1st Cir. 1991). Consistent with the Fourth Amendment, law enformcement agents may stop a moving automobile to investigate their reasonable suspicion that the vehicle's occupants were, are, or will be engaged in criminal activity. United States v. Hensley, 469 U.S. 221, 226 (l985). To evaluate the overall reasonableness of this type of stop, a "Terry stop", the reviewing court must perform a two step inquiry: "the court must first consider whether the officer's action was justified at its inception; and second, whether the action taken was reasonably related in scope to the circumstances which justified the interference in the first place. United States v. Kimball, 25 F. 3d 1 (l994).

Further, the fruits thereof and items seized as a result of this unlawful arrest are in violation of the principles of Wong Sun v. United States, 371 U.S. 471, 487-88 (l963) and in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States. Any identifications made as a result of the unlawful stop of the defendant's vehicle should also be suppressed.

III.     THE DEFENDANT HAS THE STANDING TO BRING THIS MOTION TO SUPPRESS.

We use the term "standing" as a method of referring to the issue of whether the defendant's own Fourth Amendment interests were implicated by the challenged governmental action. United States v. Kimball, 25 F. 3d 1 (l994).  In other words, the question is whether the government has a reasonable expectation of privacy in the area searched. Rakas v. Illinois, 439 U.S. 128 (l978).

In the case at hand, the defendant was unlawfully seized by the police. Kimball at p. 7. A police officer's act of stopping a vehicle and detaining its occupants constitutes a seizure within the meaning of the Fourth Amendment. Delaware v. Prouse, 440 U.S. 648, 653 (l979). Such a stop affects an occupant's interest in freedom from random, unauthorized, investigatory seizures. Prouse at 657. An occupant's interest in avoiding the substantial anxiety that such stops may create is also affected. Id.

A defendant has a reasonable expectation of privacy in the contents of his motor vehicle. In Rakas, the United States Supreme Court held that a mere passenger in an automobile does not have the legitimate expectation of privacy necessary to challenge the search of that automobile. Rakas at 148-149. The Supreme Court's decision, however, was limited to the issue of whether the passenger's legitimate expectation of privacy was invaded by a search of the vehicle and not the stop thereof. Kimball at p.9 quoting Rakas at 150-151.

If the initial stop of a vehicle was illegal, evidence seized by virtue of that stop, such as the money in this instance, may be subject to exclusion under the fruit of the poisonous tree doctrine. Wong Sun v. United States, 371 U.S. 471, 484-485 (l963). In the case at hand, the defendant's right to privacy was invaded by the stop of his vehicle unconstitutionally. While the defendant's right to privacy was invaded, he has standing to challenge to stop of the vehicle and all fruits of this unlawful stop including the search into the vehicle or his passengers. Kimball at p. 9 quoting Rakas at 150-151.

Further, in the case at hand, the motor vehicle in question was in the control of the defendant. The defendant therefore had a reasonable expectation of privacy in the vehicle and the contents of the vehicle including those of his passengers, of which he was responsible for. Also, the defendant's reasonable expectation of privacy was invaded by the stop itself. In our case, this was a clearly an unconstitutional stop. The police had not reason whatsoever for the stop of the defendant's vehicle

For all of the above-articulated reasons, the evidence discovered as a result of the unlawful stop and subsequent search of the defendant's automobile must be suppressed

Respectfully submitted,

THE DEFENDANT

By:   /s/ Alan J. Black
ALAN JAY BLACK, His Attorney
1383 Main Street
Springfield, MA 01103
(413) 732-5381
BBO#553768