## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
              v.                        )        Crim. No. 05-40025-FDS
                                        )
MATTHEW MARSH, *et al*,                 )
                    Defendants.         )
_____)

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States of America, by its attorney, Michael J. Sullivan, United States

Attorney for the District of Massachusetts, requests that the Court, in addition to its usual

instructions in criminal cases, give the following instructions to the jury.

The primary authority for the instructions are 3 L. Sand, *et al.*, Modern Federal Jury

Instructions (2000); 4 Devitt & Blackmar, Federal Jury Practice and Instructions (1990)(with

supplements); and First Circuit Pattern Jury Instructions: Criminal, Committee on Pattern

Criminal Jury Instructions First Circuit (West 1998).

The government reserves its right to supplement or modify these requested instructions in

light of the requests, if any, filed by the defendant, Matthew Marsh, and the evidence in the case.


Dated: July 28, 2006                    Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney


                                        By: __*/s/ Lisa M. Asiaf*_____
                                             LISA M. ASIAF
                                             Assistant U.S. Attorney

## GOVERNMENT INSTRUCTION NO. 1
### (DUTIES OF THE JURY)

Ladies and gentlemen:  You are the jury in this case, and I want to take a few minutes to tell you about your duties as jurors and to give you some instructions.  These instructions will control your deliberations.  It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Adapted from:  Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## GOVERNMENT INSTRUCTION NO. 2
## (NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE)

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorney Lisa Asiaf.  The defendant, Matthew Marsh, is represented by Alan Black.

The defendant has been charged by the government with violations of federal law.  He is charged in Count One of the Indictment with conspiracy to possess with intent to distribute, and to distribute, cocaine base, also known as "crack cocaine," from in or about October 2004 and continuing until in or about January 2006.  It is also alleged that this offense involved 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, or "crack cocaine."  He is charged in Counts Two and Three of the Indictment with possessing with intent to distribute, and distributing, cocaine base, also known as "crack cocaine" on two separate occasions on or about November 9, 2004.

The Indictment is simply a description of the charges against the defendant; it is not evidence of anything.  The defendant pleaded not guilty to the charges and denies committing the crimes. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 3**
**(DEFINITION OF "KNOWINGLY")**

The word "knowingly," as that term has been used from time to time in these instructions,

means that the act was done voluntarily and intentionally and not because of mistake or accident.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury
Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 4**
**(DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW)**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## GOVERNMENT INSTRUCTION NO. 5
## (PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT)

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Matthew Marsh, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Matthew Marsh is guilty of the crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Matthew Marsh's guilt of a particular crime, you should vote to convict him.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 6**
**(DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY)**

Matthew Marsh has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 7**
**(WHAT IS EVIDENCE; INFERENCES)**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 8**
**(KINDS OF EVIDENCE:  DIRECT AND CIRCUMSTANTIAL)**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.  Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.  You are entitled to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## GOVERNMENT INSTRUCTION NO. 9
### (CREDIBILITY OF WITNESSES)

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 10**
**(CAUTIONARY AND LIMITING INSTRUCTIONS**
**AS TO PARTICULAR KINDS OF EVIDENCE)**

A particular item of evidence is sometimes received for a limited purpose only.  That is, it

can be used by you only for one particular purpose, and not for any other purpose.  I have told

you when that occurred, and instructed you on the purposes for which the item can and cannot be

used.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury
Instructions - First Circuit 1998 Edition.

## GOVERNMENT INSTRUCTION NO. 11
### (WHAT IS NOT EVIDENCE)

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  In this case, there were subsequent charges which are contained in a Indictment. You will have that Indictment before you in the course of your deliberations in the jury room. That Indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendant has been indicted is no evidence whatsoever of his guilt.  The Indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The Indictment proves nothing.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## GOVERNMENT INSTRUCTION NO. 12
### ("ON OR ABOUT")

The indictment charges that the offenses charged were committed "in or about" or "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that any offense was committed precisely on the date charged.

K. O'Malley, J. Grenig, W. Lee, <u>Federal Jury Practice and Instructions</u> §13.05 (5th ed. 2000).

**GOVERNMENT INSTRUCTION NO. 13**
**(EVIDENCE OF DEFENDANT'S PRIOR SIMILAR ACTS)**

You have heard evidence that Matthew Marsh previously committed acts similar to those charged in this case.  You may not use this evidence to infer that, because of his character, Matthew Marsh carried out the acts charged in this case.

You may consider this evidence only for the limited purpose of deciding:  whether he had the state of mind or intent necessary to commit the crime charged in the indictment; whether he had a motive or the opportunity to commit the acts charged in the indictment; or, whether he acted by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of Matthew Marsh's prior similar acts.  Even if you find that he may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that he committed the acts charged in this case.

See First Circuit Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions (Criminal Cases) §2.05  (1998).

14

**GOVERNMENT INSTRUCTION NO. 14**
**(USE OF COOPERATING WITNESSES)**

You have heard testimony from a cooperating witness who was involved in the government's investigation in this case. Law enforcement agents are permitted to use a variety of methods to catch persons engaged in criminal activities or to afford an opportunity to a defendant to commit an offense, including the use of cooperating witnesses, undercover agents, furnishing of funds to pay for illegal services, the use of informers, and setting up sting transactions.

You have also heard the testimony of a government witness who participated in the crimes charged against the defendant and who provided evidence under agreements with the government. Some people in this position are entirely truthful when testifying. Still, you should consider this testimony with care and caution. When evaluating the credibility of such witness, you may consider whether she had reason to make up stories or exaggerate what others did to be helpful to law enforcement.

See First Circuit Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions (Criminal Cases) §2.07 and §5.06 (1998).

**GOVERNMENT INSTRUCTION NO. 15**
**(IMPEACHMENT OF WITNESS'S TESTIMONY BY PRIOR CONVICTION)**

You have heard evidence that certain witnesses have previously been convicted of a crime. You may consider that evidence, together with the other pertinent evidence, in deciding how much weight to give those witnesses' testimony.

Pattern Jury Instructions:  **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.03 (1998 Edition).

## GOVERNMENT INSTRUCTION NO. 16
## (WEIGHING THE TESTIMONY OF AN EXPERT WITNESS)

You have heard testimony from expert witnesses.  An expert witness has special knowledge or experience that allows that witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Pattern Jury Instructions:  **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.06 (1998 Edition).

17

## GOVERNMENT INSTRUCTION NO. 17
## (CONSPIRACY)

As I previously mentioned, the government has charged Matthew Marsh with the crime of conspiracy to possess with intent to distribute and to distribute cocaine base, also known as "crack cocaine." A conspiracy is an agreement or mutual understanding knowingly made or knowingly entered into by at least two persons to violate the law by some joint or common plan or course of action. The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve some unlawful purpose.

The crime of conspiring to violate Title 21, United States Code, Section 846 -- that is, conspiring to distribute and to possess with intent to distribute cocaine base -- is independent from the crime of actually distributing cocaine base or possessing cocaine base with the intent to distribute it. The law refers to the object of the conspiracy -- here, the distribution of cocaine base -- as the substantive crime.

You may find the defendant guilty of conspiring to distribute cocaine base regardless of the evidence you may hear with respect to the charge of distribution. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime. This is because collective criminal activity poses a greater threat to the public's safety and welfare that individual conduct, and increases the likelihood of a particular venture.

Adapted from 1 L.B. Sand, Modern Federal Jury Instructions: Criminal, ¶19.01 (1993). See also, United States v. Flores-Rivera, 56 F.3d 319,324 (1st Cir. 1995)(elements of conspiracy to import cocaine established, absent actual importation of cocaine, where there was knowing and voluntary participation in conspiracy, and intent to effectuate object of conspiracy), citing, United States v. Piper, 35 F.3d 611, 615 (1st Cir. 1994), (defining "intent to commit" object of conspiracy as "an intent to effectuate the commission of the substantive offense. A defendant need not have had the intent to personally commit the substantive crime.")

18

**GOVERNMENT INSTRUCTION NO. 18**
**(ELEMENTS OF CONSPIRACY)**

In order to satisfy its burden of proof on the conspiracy charge, the government must

prove three elements beyond a reasonable doubt:

<u>One</u>:  that the conspiracy – or agreement – charged in the indictment existed between the

defendant and at least one other person;

<u>Two</u>:  that Matthew Marsh knowingly and intentionally joined the conspiracy; and

<u>Three</u>: that Matthew Marsh intended to effectuate the object of the conspiracy.

The defendant need not have had the intent personally to commit the substantive crime.

<u>See</u> <u>United States v. Piper</u>, 35 F.3d 611, 616 (1st Cir. 1994)("In a conspiracy, two different types
of intent are generally required - the basic intent to agree...and the more traditional intent to
effectuate the object of the conspiracy...an intent to effectuate the commission of the substantive
offense.  A defendant need not have had the intent personally to commit the substantive crime.").

## GOVERNMENT INSTRUCTION NO. 19
### (EXISTENCE OF A CONSPIRACY)

To prove that a conspiracy existed, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in the indictment. According to the indictment in this case, the unlawful purpose or object here was to distribute cocaine base.

A conspiracy is an agreement, spoken or unspoken. A conspiracy does not have to be a formal agreement or plan in which everyone sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

The government must prove beyond a reasonable doubt that the defendant knew the essential purpose and aim of the conspiracy and willingly participated with the intent to try and accomplish that purpose. That is, the evidence must show beyond a reasonable doubt that the defendant and at least one other person in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully and intentionally.

In order for you to find that a conspiracy existed, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what their scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. It is sufficient if an agreement is shown by conduct, by a wink, a nod, a handshake, or by a silent understanding to share a purpose to violate

the law.[1]

A conspiracy is, by its very nature, usually secret in its origin and in its execution. Therefore, what the evidence in the case must show beyond a reasonable doubt, in order to establish proof that a conspiracy existed, is that the members in some way or manner, positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan. In essence, there must have been an agreement.

Since a conspiracy is by its very nature often secret, neither the existence of the common agreement or scheme, nor the fact of a defendant's participation in it, must be proved by direct evidence; both may be inferred from circumstantial evidence.[2] The common purpose or plan may be inferred from the course of the dealing between a defendant and another alleged conspirator.[3] In this regard, you may, in determining whether an agreement existed herein, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together for the accomplishment of an unlawful purpose.

The indictment alleges that the conspiracy existed during October, 2004 to January,

_____

[1]    United States v. Sepulveda, 15 F.3d at 1173 ("There are no particular formalities that attend this showing:  the agreement may be express or tacit and may be proved by direct or circumstantial evidence."); United States v. Pallindo, 203 F.Supp. 35, 37 (D.Mass.1962) ("An agreement may be shown by conduct, by a wink or a nod, by a silent understanding to share a purpose to violate the law").

[2]    United States v. O'Campo, 973 F.2d 1015, 1019 (1st Cir. 1992) (no need for express agreement; circumstantial evidence sufficient).

[3]    United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st. Cir. 1989), cert. denied 104 S.Ct. 3227 (1989) ("Because of the secretive nature of the crime, it is recognized that the agreement may be express or tacit.  The agreement, whether tacit or express, may be proven by circumstantial as well as express evidence.  A common purpose and plan may be inferred from a development and collocation of circumstances").

2005.  In determining whether Matthew Marsh and at least one other person conspired as charged, you need not find that the conspiracy existed at the exact time or over the entire period charged.  What must be proven beyond a reasonable doubt is that the conspiracy was in existence for some period of time reasonably near the time alleged or for some portion of the period charged.

Adapted from 1 L. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶19-4 (1993).

## GOVERNMENT INSTRUCTION NO. 20
## (MEMBERSHIP IN THE CONSPIRACY)

The second element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that Matthew Marsh knowingly and intentionally became a member of the conspiracy with the intent to further its unlawful purposes.

A person acts "knowingly" and "intentionally" if he or she acts voluntarily and not because of ignorance, mistake, accident or carelessness.[4]

Proof that a defendant simply knew about a conspiracy or was present at times or associated with members of the group is not enough, even if he approved of what was happening or did not object to it. Mere associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, by itself, make someone a member of a conspiracy. Similarly, just because a defendant may have done something that happened to help a conspiracy does not make him a conspirator.

An individual may be found to be a part of a drug conspiracy even though he did not intend to, and did not, directly participate in actually distributing cocaine base, and even though he did not know the precise extent of the enterprise.[5] That is, it is not necessary that the

---

[4]    Adapted from 1 L.B. Sand, Modern Federal Jury Instructions: Criminal, ¶3A-1 (1993).

[5]    United States v. Piper, 35 F.3d 611, 615 (1st Cir. 1994) citing United States v. Moosey, 735 F.2d 633, 635-36 (1st Cir. 1984) (upholding conviction for conspiracy even though defendant personally had not intended to, and did not, participate in the underlying substantive offense of interstate trafficking). See also, United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989) (an individual could be found to be part of a conspiracy to possess and distribute cocaine even though he neither directly participated in interstate trafficking nor knew the precise extent of the enterprise. The fact that he participated in one . . . link of the distribution chain, knowing it extended beyond his individual role, was sufficient).

government prove that each member of a conspiracy knew the names, identities or even the number of all of his confederates.  Nor does the government need to prove that each member of the conspiracy knew all of the details of the conspiracy.[6]  The government need not prove that Matthew Marsh committed the alleged acts so long as the government proves the three elements of the charge of conspiracy beyond a reasonable doubt.[7]  The government must prove, however, that the defendant knew the essential purpose and aim of the conspiracy and willingly participated with the intent to try and accomplish that purpose.[8]  "Advancing the aim of the conspiracy can involve performing ancillary functions such as processing and cooking drugs, procuring weapons, collecting monies, enforcing discipline, chastising rivals, accounting, and the like, as long as such actions are performed with the aim of furthering the conspiracy." [9] Ancillary functions provided to a drug conspiracy can also include providing cellular telephones that will be used by co-conspirators to "elude law enforcement". [10]  "Nevertheless, a drug

---

[6]    Sepulveda, 15 F.3d at 1173 ("in a criminal conspiracy, culpability may be constant though responsibilities are divided; the government does not need to show as a precursor to a finding of guilt that a given defendant took part in all aspects of the conspiracy.").

[7]    United States v. Dannenburg, 980 F.2d 741 (10th Cir. 1992) (numerous decisions recognize that a conspiracy conviction may be supported by evidence of predicate acts different from those alleged in the Indictment as long as no unreasonable surprise to defense); United States v. Bello-Perez, 977 F.2d 664, 669 (1st Cir. 1992) (although overt acts were gratuitously set forth in the Indictment, the government is not limited at trial to proof of the alleged over acts; nor is the Indictment rendered insufficient for failure to plead other overt acts).

[8]    Rivera-Santiago, 872 F.2d at 1079; United States v. Stubbert, 655 F.2d 453, 457 (1st Cir. 1981).

[9]    United States v. Soto-Beniquez, 356 F.3d 1, 18 (2003).

[10]    United States v. Innmorati, 996 F.2d 456, 470 (1st Cir. 1993)(defendant obtained cellular telephones for co-conspirators in his company's name to evade police; conducted registry of motor vehicles checks on suspected surveillance cars while knowing that others were involved in dealing drugs is sufficient to establish membership in drug conspiracy).

conspiracy may involve ancillary functions (eg., accounting, communications, strong arm

enforcement), and one who joined with drug dealers to perform one of those functions could be

deemed a drug conspirator." [11]  If the government proves that he did, then a defendant may be

charged with what others may have done in execution of those purposes.[12]

---

[11]    United States v. Garcia-Torres, 280 F.3d 1, 4 (1st Cir. 2002)(co-conspirator
furnishing a peripheral service to a drug conspiracy could be deemed to "join" that conspiracy if
he knew both that the drug conspiracy existed and that the peripheral service being furnished
was designed to foster the conspiracy, or he had the aim to forward or assist the conspiracy).

[12]    Rivera-Santiago, 872 F.2d at 1079; Angiulo, 847 F.2d at 969.

**GOVERNMENT INSTRUCTION NO. 21**
**(INTENT TO EFFECTUATE THE OBJECT OF THE CONSPIRACY)**

The government must prove that the defendant intended to effectuate the commission of the substantive offense, here the distribution cocaine base.[13]  However, the government is not required to prove that the defendant intended to commit the underlying crime of distribution of cocaine base.[14]  The government can show that the defendant had the requisite intent if it proves that the defendant provided services to the conspiracy designed to foster the conspiracy or to forward the aim of the conspiracy.[15]

---

[13]  United States v. Piper, 35 F.3d 611, 616 (1st Cir. 1994)

[14]  Id.

[15]  United States v. Garcia-Torres, 280 F.3d 1, 4 (1st Cir. 2002).

**GOVERNMENT INSTRUCTION NO. 22**
**(CONSPIRACY TO DISTRIBUTE COCAINE BASE – DRUG QUANTITY)**

Defendant Matthew Marsh is accused in Count One of the Indictment with conspiracy to possess with intent to distribute or to distribute at least 5 grams of cocaine base, also known as "crack cocaine."

For you to find the defendant guilty of this charge, you must find beyond a reasonable doubt:

(1)    that the defendant participated in a conspiracy, as I have just described it to you, and

(2)    that the conspiracy involved at least 5 grams of a mixture or substance containing a detectable amount of cocaine base, or "crack cocaine."

You need not determine the precise amount of drugs involved in the conspiracy. To find the defendant guilty of this charge, you need only determine, beyond a reasonable doubt, that the conspiracy involved 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack cocaine."

Derman v. United States, 298 F.3d 34, 42 (1st Cir. 2002); Apprendi v. New Jersey, 530 U.S. 466 (2000); see United States v. Booker, 125 S.C.t. 738 (2005).

27

## GOVERNMENT INSTRUCTION NO.  23
### (STAKE IN THE OUTCOME)

The extent of a defendant's participation in a conspiracy and the importance of his role in effectuating the purposes of the conspiracy do not determine that defendant's guilt.  A conspirator's guilt or innocense is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the gambit of the conspiracy.

Moreover, a person may be found to be a member of a conspiracy whether or not he had a financial stake in the illegal venture.  Conspirators may have different motives for participating in a conspiracy.

Adapted from: (1) an instruction given by Judge Keeton in United States v. Forero-Diaz, Criminal Number 88-110-K, p. 29; and (2) L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-6 (1990); 1 Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions, § 17.06, p. 633 (4th ed. 1992); United States v. Rivera-Figueroa, 149 F.3d 1, 4 (1st Cir. 1998)("nothing in the statute requires that the taking be an ultimate motive of the crime").

**GOVERNMENT INSTRUCTION NO.  24**
**(ACTS AND DECLARATIONS OF CO-CONSPIRATORS)**

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.  This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a coconspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant.

## GOVERNMENT INSTRUCTION NO. 25
### (DISTRIBUTION OF A CONTROLLED SUBSTANCE, COCAINE BASE,
### a/k/a CRACK COCAINE)

The defendant is accused of possessing with intent to distribute, and distributing, cocaine base, also known as "crack cocaine" on or about November 9, 2004.  It is against federal law to distribute, that is, to transfer cocaine base, also known as crack cocaine to another person.  For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

**First**, that Matthew Marsh, on or about the date alleged, transferred cocaine base, also known as "crack cocaine" to another person, or possessed cocaine base with the intent to transfer it to another person;

**Second**, that he knew that the substance was a controlled substance, and

**Third**, that Matthew Marsh acted intentionally, that is, that it was his conscious object to transfer the controlled substance to another person.

It is not necessary that the defendant have benefitted in any way from the transfer.

### Comment

(1)  The statute defines "distribute" as meaning "to deliver," 21 U.S.C. § 802(11), which in turn is defined as meaning "the actual constructive or attempted transfer of a controlled substance, whether or not there exists an agency relationship." § 802(8) (emphasis added). However, the court may refuse to instruct on the meaning of the term "distribute" "because it is within the common understanding of jurors." United States v. Acevedo, 842 F.2d 502, 506-07 (1st Cir. 1988).

(2)  "[D]eliver[y] or transfer [of] possession of a controlled substance to another person" constitutes distribution regardless of whether the transferor has "any financial interest in the transaction." United States v. Morales- Cartagena, 987 F.2d 849, 852 (1st Cir. 1993). Thus, courts are in broad agreement that the mere sharing of narcotics can support a distribution charge. See, e.g., United States v. Corral-Corral, 899 F.2d 927, 936 n.7 (10th Cir. 1990); United States v. Ramirez, 608 F.2d 1261, 1264 (9th Cir. 1979).  Distribution, however, does not include "'the passing of a drug between

joint possessors who simultaneously acquired possession at the outset for their own use."' <u>United States v. Rush, 738 F.2d 497, 514</u> (1st Cir. 1984) (quoting <u>United States v. Swiderski, 548 F.2d 445, 450-51</u> (2d Cir. 1977)) (overturning distribution conviction of husband and wife who jointly purchased and shared 4 grams of cocaine), cert. denied, <u>470 U.S. 1004</u> (1985).

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.10, §4.23 (1998 Edition).

## GOVERNMENT'S INSTRUCTION NO. 26
## (AIDING AND ABETTING DISTRIBUTION, 18 U.S.C. § 2)

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) Matthew Marsh associated himself in some way with the crime and participated in it as he would in something he wished to bring about.

This means that the government must prove that Marsh consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her. The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §4.02 (1998 Edition).

**GOVERNMENT'S INSTRUCTION NO. 27**
**(COCAINE BASE – SCHEDULE II CONTROLLED SUBSTANCE)**


As a matter of law, I instruct you that cocaine base, also known as "crack cocaine," is a

Schedule II controlled substance. You must take this as a fact.

21 U.S.C. §§ 802(6), 812.

**GOVERNMENT'S INSTRUCTION NO.  28**
**(FOREPERSON'S ROLE; UNANIMITY)**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO.  29**
**(CONSIDERATION OF EVIDENCE)**


Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## GOVERNMENT INSTRUCTION NO. 30
### (REACHING AGREEMENT)

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO.  31**
**(RETURN OF VERDICT FORM)**

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

**Read verdict form at this point.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**GOVERNMENT INSTRUCTION NO. 32**
**(COMMUNICATION WITH THE COURT)**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

# VERDICT FORM

Count One:

       Conspiracy to Distribute                 Guilty         Not
       Cocaine Base - October 2004-                      Guilty
       January 2005

☐         ☐

Count Two:

       Distribution of Cocaine Base           Guilty         Not
       - November 9, 2004                          Guilty

☐         ☐

Count Three:

       Distribution of Cocaine Base           Guilty         Not
       - November 9, 2004                          Guilty

☐         ☐