UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )<br>OF AMERICA )<br>    Plaintiff )<br>)<br>)<br>V. )<br>)<br>MATTHEW MARSH, )<br>    Defendant, )<br>)<br>_____ ) | CRIMINAL NO. 4:05-cr-40025-FDS |

### MOTION IN LIMINE TO ESTABLISH AN ORDER OF PROOF FOR THE CONSPIRACY CHARGE

It is well settled that the government must establish the existence of a conspiracy and a defendant's connection to it, by a preponderance of the evidence as a preliminary matter prior to the admission of statements of alleged co-conspirators against a defendant. <u>Bourjaily v. United States</u>, 483 U.S. 171, 175 (1987). However, it is permissible for a judge to admit evidence of alleged co-conspirators statements subject to a later motion to strike, or for a mistrial, if the prosecution fails either to prove a conspiracy or that the defendant was part of the conspiracy. <u>United States v. Petrozziello,</u> 548 F.2d 20 (1st Cir. 1977). However, a number of courts have established a "preferred" order of proof which requires that a prima facie case of conspiracy and the defendant's connection to it, be established prior to the admission of any hearsay statements of alleged co-conspirators. See, Marcus, Prosecution and Defense of Criminal Conspiracy Cases, Section 5.03 (3) p. 5-75, and cases cited in notes 158 and 159.

The preferred order of proof avoids the problem of the hearsay statements of alleged co-conspirators contaminating the determination of whether a conspiracy exists, and whether the defendant was connected to it. Since those decisions must

be made on the basis of evidence of the hearsay statements, and evidence independent of those statements, it is difficult, if not at times impossible, for jurors to forget what they heard from the alleged co-conspirator in determining whether the statements are admissible against a particular defendant. The court, in United States v. Stipe, 653 F.2d 446, 449 (6th Cir. l981), stated with regard to this issue that:

> The government . . .requests a less formal procedure, one which allows the hearsay to be received on a conditional basis subject to connecting it up. This is not new. It has been practiced by prosecutors for, lo, these many years. During all of this time courts have condemned it. By the time the connected up stage arrives, the evidence is blended so that there is no distinction between hearsay and non-hearsay.

See also, United States v. Austin, 786 F.2d, 986, 990 (10th Cir. l986).

In the latter case, the court noted that even though that case was complicated, the government could have presented those witnesses required to establish the conspiracy, and the defendant's connection to it, early in the case. Then the hearsay statements could have been admitted without contaminating the prior decision. The court stated in conclusion:

> We thus take this opportunity to reaffirm that it is far preferable from a standpoint of fair trial procedures, that the government be required to present substantial independent evidence of the conspiracy and each defendant's connection with it before being permitted to introduce conspirator hearsay. Failure to follow the preferred order should be the rare exception rather than the rule.

Id. at 990. The First Circuit has stated that such an order of proof is within the discretion of the trial judge. United States v. Hathaway, 534 F. 2d 386 (1st Cir. l978). The court stated that the purpose of requiring proof of a conspiracy and the

defendant's connection to it before an co-conspirator's declarations are admitted, is" . . . to protect each defendant against premature jury exposure to the declarations of co-conspirators." Id. at 401.

It the prosecution proceeds on the less preferred theory,  i.e., presenting the hearsay statements with the promise to connect it to a conspiracy involving the defendant later in the trial, and then does not present such evidence to the court's satisfaction, the defendant would have only two alternatives. The first would be to move to strike the evidence with appropriate instructions to the jury.

However, the courts have acknowledged that such instructions may be difficult , if not impossible, for jurors to disregard, particularly when they are of a compelling nature. Further the introductions of hearsay statements of a non-testifying co-defendant has constitutional implications. The recognition of these factors, is the basis of the decision in Bruton v. United States, 391 U.S. 1234 (l968). The court there recognized that limiting instructions to a jury are not sufficient to prevent misuse by a jury of the confession of a non-testifying co-defendant, or to satisfy the confrontation rights of the a defendant.

The second alternative open to the defendant under the present circumstances , is to move for a mistrial if a conspiracy or the defendant's connection to it are not shown. United States v. James, 590 F. 2d 575 (5th Cir. l979 en banc); United States v. Cranston, 686 F.2d 56, 58 (1st Cir. l982. The court, in United States v. James, supra, stated:

> Both because of the danger to the defendant if the statement is not connected and because of the inevitable serious waste of time, energy and efficiency when a mistrial is required in order to obviate such danger, we conclude that the present procedure warrants a statement of a preferred order of proof in such a case. The district court should, whenever reasonably practicable, require the showing of a conspiracy and the connection of the defendant with it, before admitting declarations of a co-conspirator.

Id. at 582. The advice of Justice Jackson, concurring in Krulewitch v. United States, 336 U.S. 430, 453 (l949), is still prudent: "strictly speaking, the prosecution should first establish prima facie the conspiracy, and identify the conspirators, after which evidence of acts and declarations of each in the course of its execution., are admissible against all.

WHEREFORE, the defendant respectfully requests this court to institute the preferred order of proof set forth above, and require the Government first to prove by a preponderance of evidence, the existence of a conspiracy and the defendant's connection to it before hearsay statements of alleged co-conspirators are admitted in this trial.

        THE DEFENDANT
By: /s/ Alan J. Black
     ALAN JAY BLACK, His Attorney
     1383 Main Street
     Springfield, MA 01103
     413 732-5381
     BBO# 553768

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to Lisa Asiaf, AUSA on this 1st day of August 2006.

        /s/ Alan J. Black