UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                   )   Crim. No. 05-40025-FDS<br>)<br>MATTHEW MARSH, *et al*,            )<br>                    Defendants.       )<br>                                                            ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS**

The United States of America (the "government") hereby files its Opposition to the *Motion in Limine to Exclude Evidence of Defendant's Prior Convictions* filed by the defendant Matthew Marsh ("Defendant" or "Marsh") on August 1, 12006. For the reasons set forth below, Defendant's motion should be denied.

**I.   RELEVANT FACTS**

Marsh and his co-defendant Nydia Bernabel, a/k/a "Nonni," a/k/a "Nanni," ("Bernabel") are charged with conspiracy to distribute at least 5 grams of cocaine base, also known as "crack cocaine," in violation of 21 U.S.C. § 846 (Count One) and two substantive counts of distributing cocaine base, also known as "crack cocaine," in violation of 21 U.S.C. §841(a)(1) (Counts 2 and 3). With respect to the conspiracy charge, the government intends to establish that Marsh knowingly and voluntarily agreed to assist Bernabel in distributing crack cocaine in the greater Fitchburg area in order to feed his own crack cocaine habit. The evidence will show that Marsh played a substantial role in their drug distribution activities, including: (i) driving Bernabel (who did not have a valid driver's license) to deliver controlled substances to customers throughout the Fitchburg area, (ii) handling the packages of drugs during their joint deliveries, and (iii) counting and/or holding the money they received from customers during their drug transactions. The evidence will

also show that Marsh received crack cocaine for his personal use in exchange for his role in the conspiracy.

The conspiracy involved participants other than Marsh and Bernabel. A mutual friend named Karen Iovanne, for example, allowed Marsh and Bernabel to live with her at various points before and during the conspiracy. Iovanne, who used crack cocaine along with Marsh, allowed Bernabel and Marsh to use her cell phone and 1996 Jeep Cherokee to further their drug dealing activities. Like Marsh, Iovanne would receive crack cocaine in exchange for her role in the conspiracy.

On October 21, 2004, an undercover agent employed by the Drug Enforcement Administration ("UC-1") was introduced to Bernabel, who sold 3.3 grams of crack cocaine to UC-1 in exchange for $300. Bernabel used the cell phone subscribed to Iovanne – (978) 580-6051 – to arrange this drug transaction. She told UC-1, however, that she was not "working" that night, so she would send somebody else to deliver the crack cocaine for her. UC-1 met Bernabel's couriers on Leighton Street in Fitchburg, where he gave the couriers $300 in exchange for the crack.

With respect to Count Two, the government will prove that Marsh and Bernabel delivered crack cocaine to UC-1 on a second occasion at that same location – Leighton Street in Fitchburg. Specifically, the government will show that at approximately 5:00 p.m., Bernabel (who UC-1 contacted at the same cell phone used to arrange the October 21st deal discussed above) agreed to meet UC-1 on Leighton Street to sell him $320 worth of crack cocaine. UC-1 drove an undercover vehicle to the intersection of Leighton and Kimball Streets, where he waited for Bernabel to arrive. At approximately 5:50 p.m., a 1996 Jeep Cherokee bearing MA License No. 6815MX (which was registered to Iovanne) pulled up next to UC-1's undercover vehicle.

UC-1 observed Bernabel in the driver's seat and a heavy set male, who was subsequently identified as Marsh, in the passenger seat. Before they discussed the crack deal, Bernabel received a call on her cell phone, which she quickly concluded. UC-1 then asked Bernabel how the crack cocaine rocks looked, at which point Marsh handed a package of crack to Bernabel, who displayed it to UC-1. UC-1 then handed $300 to Bernabel, who passed it to Marsh, who immediately began counting the money. Bernabel received two more cell phone calls while Marsh was counting the money. UC-1 then asked if all eight (referring to the eight .4-gram packages he had requested) were there. Bernabel responded, "no, there's $300 worth there." The sale was then complete and Bernabel and Marsh sped away in the Jeep Cherokee at a high rate of speed.

With respect to Count Three, the evidence will show that a second transaction took place on November 9, 2004, approximately 40 minutes later on Birch Street in Fitchburg, near St. Anthony's School. At approximately 6:30 p.m., a second undercover DEA agent ("UC-2"), who was working with a confidential witness ("CW"), purchased 4.7 grams of crack cocaine from the defendants. Once again, the defendants arrived in the 1996 Jeep Cherokee registered to Iovanne, which they pulled up alongside the undercover vehicle. This time, Marsh was driving the Jeep and Bernabel was riding in the passenger seat. After the CW introduced UC-2 to Bernabel, she handed a package of crack cocaine to UC-2, who handed her $600 in serialized funds in return. Marsh then drove the Jeep Cherokee away from the area.

Both of the foregoing transactions were audio-recorded, video-recorded, and observed by numerous surveillance agents, including both DEA agents and local Fitchburg Police Officers, who were working collaboratively with DEA as DEA "Task Force Agents" ("TFA's"). Shortly after the second transaction, Fitchburg Patrol Officer Kenneth W. Gaetz, Jr., received a call from one of the Fitchburg Police Officers assigned to the undercover Drug Task Force. The TFA asked Officer

3

Gaetz for assistance in locating and stopping the Jeep Cherokee. After locating the Jeep Cherokee and observing two traffic violations, Officer Gaetz performed a car stop. After receiving identification from the driver (Marsh) and the passenger (Bernabel), Officer Gaetz discovered that both individuals had outstanding arrest warrants. Both defendants were then arrested and searched. Officers discovered $400 on Bernabel which came from the DEA serialized drug money used by UC-2 during the 4.7-gram crack deal described above.

## II.     ARGUMENT

On August 1, 2006, the government filed a *Motion in Limine to Introduce Evidence of Defendant's Prior Drug Activity*. See Docket Entry No. 67. For all of the reasons set forth in that motion, the government seeks to introduce:

> (1) evidence of Marsh's prior drug convictions, which include a 1995 conviction for conspiracy to import crack cocaine and possession with intent to distribute crack cocaine. See United States v. Matthew Marsh, et al, Docket No. 95-10244-REK. A copy of the certified Judgment of Conviction is attached hereto as **Exhibit A.** Copies of the reports underlying this conviction are also being produced to defense counsel simultaneously with the filing of this Opposition.
>
> (2) evidence of Marsh's historical drug activities just outside the conspiracy period charged in the indictment, which includes evidence of Marsh's historical drug dealing activities with Bernabel.

For all of the reasons set forth in the government's *Motion in Limine to Introduce Evidence of Defendant's Prior Drug Activity*, which is hereby incorporated by reference herein, Marsh's instant motion should be denied. See Docket Entry No. 67. The government will produce a

certified copy of Marsh's prior drug conviction at trial and will supplement its Witness List (to include any necessary witness(es) concerning Marsh's prior conviction) in a timely fashion.

### III. CONCLUSION

For all of the foregoing reasons, Defendant Matthew Marsh's the *Motion in Limine to Exclude Evidence of Defendant's Prior Conviction(s)* should be denied.

Dated:   August 24, 2006

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   */s/ Lisa M. Asiaf*
LISA M. ASIAF
Assistant U.S. Attorney
Tel:  (617) 748-3268

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 24, 2006.

*/s/ Lisa M. Asiaf*
LISA M. ASIAF

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| v. | (For Offenses Committed On or After November 1, 1987) |
| MATTHEW MARSH | Case Number: 1:95CR10244-003 |
| | James F. Duggan, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  S1 - S3

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 21 U.S.C. § 963 | Conspiracy to Import Cocaine Base | 07/16/1995 | S1 |
| 21 U.S.C. § 952 | Importation of Cocaine Base | 07/16/1995 | S2 |
| 21 U.S.C. § 841 (a)(I) | Possession with Intent to Distribute Cocaine Base | 07/16/1995 | S3 |
| 21 U.S.C. § 841 (b)(I)(A)iii | Possession with Intent to Distribute Cocaine Base | 07/16/1995 | S1-S3 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
| --- | --- |
| Defendant's Soc. Sec. No.: 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 | 09/06/1996 |
| Defendant's Date of Birth: 07/02/1975 | Date of Imposition of Judgment |
| Defendant's USM No.: 20687-038 | |
| Defendant's Residence Address: | /s/ Robert E. Keeton |
| 28 Beacon Street, #2 | Signature of Judicial Officer |
| Fitchburg, MA 01420 | Robert E. Keeton |
| | United States District Judge |
| Defendant's Mailing Address: | Name & Title of Judicial Officer |
| 28 Beacon Street, #2 | |
| Fitchburg, MA 01420 | 10/1/96 Date |

DEFENDANT: **MATTHEW MARSH**
CASE NUMBER: 1:95CR10244-003

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __48__ **month(s)** .

**Said period in custody to be served concurrently on Counts S1 - S3.**

**FINDING: Defendant has been in custody under these charges from July 16, 1995, to August 4, 1995, and again February 7, 1996 to the present.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**That, if feasible, defendant be assigned to the Boot Camp Program.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ a.m./p.m. on _____ .

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy U.S. Marshal

DEFENDANT: **MATTHEW MARSH**
CASE NUMBER: **1:95CR10244-003**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __60__ month(s).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Sheet    3.01

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such

DEFENDANT:       MATTHEW MARSH
CASE NUMBER:     1:95CR10244-003

## SPECIAL CONDITIONS OF SUPERVISION

The defendant is to participate in a program for substance abuse as directed by the Chief U.S. Probation Officer, which program may include testing to determine whether the defendant has reverted to the use of alcohol or drugs.

The defendant is to participate in a mental health program as directed by the Chief U.S. Probation Officer.

Judgment-Page __4__ of __6__

DEFENDANT: **MATTHEW MARSH**
CASE NUMBER: **1:95CR10244-003**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 150.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .  $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **\*\* Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| | | | |

**Totals:** $ _____  $ _____

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

DEFENDANT: **MATTHEW MARSH**
CASE NUMBER: 1:95CR10244-003

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as

DEFENDANT:     MATTHEW MARSH
CASE NUMBER:   1:95CR10244-003

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**See Memorandum of Sentencing Hearing and Report of Statement of Reasons Attached.**

**Guideline Range Determined by the Court:**

Total Offense Level: __27__

Criminal History Category: __I__

Imprisonment Range: __70__ to __87__ months

Supervised Release Range: __5__ to __5__ years

Fine Range: $ __12,500.00__ to $ __12,000,000.00__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ __0.00__

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☒ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☒ for the following specific reason(s):

**See Memorandum of Sentencing Hearing and Report of Statement of Reasons Attached.**

(9/8/89)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.  CRIMINAL NO. **95-10244-REK**

**MATTHEW MARSH,**
    Defendant

# MEMORANDUM OF SENTENCING HEARING
# AND
# REPORT OF STATEMENT OF REASONS

**KEETON, D.J.**

      Counsel and the defendant were present for sentencing hearing on **SEPTEMBER 6, 1996**. The matters set forth were reviewed and considered. The reasons for sentence pursuant to Title 18 U.S.C. §3553(c), as set forth herein, were stated in open court:

| | | | |
|---|---|---|---|
| 1. | Was the presentence investigation report (PSI) reviewed by counsel and defendant including any additional materials received concerning sentencing? | __X__ Yes | _____ No |
| 2.(a) | Was information withheld pursuant to FRCrP 32(c)(3)(A)? | _____ Yes | __X__ No |
| (b) | If yes to (a), has summary been provided by the court pursuant to FRCrP 32(c)(3)(B)? | _____ Yes | _____ No |

(1)

3.(a)    Were all factual statements contained in the PSI adopted without objection?      _____ Yes __X__ No

(b)    If no to (a) the PSI was adopted in part with the exception of the following factual issues in dispute:

¶40 MODIFIED FROM $2,000 TO $1,000 PER TRIP. OTHERWISE, THE FACTUAL STATEMENTS ARE CORRECT AND ARE ADOPTED.

ALSO, ¶47 CHANGED TO -4, "MINIMAL" PARTICIPANT, AS JOINTLY RECOMMENDED.

THIS CHANGES ¶50 TO 30, AND ¶52 TO 27, TOTAL OFFENSE LEVEL.

AS TO DEFENSE MOTION FOR DOWNWARD DEPARTURE, I CONCLUDE THAT UNDER <u>UNITED STATES</u> V. <u>GRANDMAISON</u>, THE COURT DOES HAVE AUTHORITY FOR DOWNWARD DEPARTURE. FOLLOWING THE STEP-ANALYSIS OF <u>UNITED STATES</u> V. <u>RIVERA</u>, I CONCLUDE THAT DEPARTURE IS AUTHORIZED AND FACTUAL SUPPORT FOR PROPOSED DEPARTURE WARRANTS THIS EXERCISE OF DISCRETION. I FIND DEPARTURE APPROPRIATE, IN VIEW OF FACTORS PRESENTED IN PART II.8-14 OF DEFENDANT'S MOTION, WHICH I CREDIT.

(c) Disputed issues have been resolved as follows after ___ evidentiary hearing, __ further submissions and/or __ arguments:

4.(a) Are any legal issues in dispute?    ___Yes _X_No

If yes, describe disputed issues and their resolution:

5.(a) Is there any dispute as to guideline applications (such as offense level, criminal history category, fine or restitution) as stated in the PSI?    ___Yes _X_No

If yes, describe disputed areas and their resolution:

(b) Tentative findings as to applicable guidelines are

Total Offense Level: __27__

Criminal History Category: __I__

__70__ to __87__ months imprisonment
**DEFENDANT AVOIDS 10 YEAR MANDATORY MINIMUM; QUALIFIES FOR SAFETY VALVE UNDER 18 U.S.C. §3553 AND GUIDELINE §5C1.2.**

__60__ to __60__ months supervised release

$__12,500__ to $__12,000,000__ fine (plus $ 14,520 cost of annual imprisonment/supervision)

$__--__ restitution

$__150__ special assessment ($_50_ on COUNTS 1, 2, 3)

(3)

6.(a)  Are there any legal objections to
       tentative findings?                                    _____Yes  __X__No

  (b)  If no, findings are adopted by the Court.

  (c)  If yes, describe objections and how they were
       addressed:
       OR sentence hearing is continued to _____
       to allow for preparation of oral argument or filing of
       written submissions by _____.


7.(a)  Remarks by counsel for defendant.*                     __X__Yes  _____No

  (b)  Defendant speaks on own behalf.                        __X__Yes  _____No

  (c)  Remarks by counsel for government.                     __X__Yes  _____No

       *The order of argument and/or recommendations and allocution
       may be altered to accord with the Court's practice.

(4)

8. The sentence will be imposed in accordance with the prescribed forms in Bench Book Sec. 5.02 as follows:

    _____48_____ months imprisonment

    _____ months/intermittent community confinement

    _____ months probation

    _____60_____ months supervised release

    $_____--_____ fine (including cost of imprisonment/supervision)

    $_____--_____ restitution

    $_____150_____ special assessment ($ 50 on COUNTS 1, 2, 3)

Other provisions of sentence: (community service, forfeiture, etc.)

**ON COUNTS 1, 2, AND 3 CONCURRENTLY:**
**48 MONTHS IN CUSTODY OF BUREAU OF PRISONS, FOLLOWED BY 60 MONTHS SUPERVISED RELEASE. $150 SPECIAL ASSESSMENT, BEING $50 ON EACH COUNT.**

**NO FINE BECAUSE OF LACK OF RESOURCES. RESTITUTION N/A.**

**SPECIAL CONDITIONS OF SUPERVISED RELEASE:**
1. **THE DEFENDANT IS PROHIBITED FROM POSSESSING A FIREARM OR OTHER DANGEROUS WEAPON.**

2. **THE DEFENDANT IS TO PARTICIPATE IN A PROGRAM FOR SUBSTANCE ABUSE AS DIRECTED BY THE UNITED STATES PROBATION OFFICE, WHICH PROGRAM MAY INCLUDE TESTING TO DETERMINE WHETHER THE DEFENDANT HAS REVERTED TO THE USE OF ALCOHOL OR DRUGS.**

3. **THE DEFENDANT IS TO PARTICIPATE IN A MENTAL HEALTH PROGRAM AS DIRECTED BY THE UNITED STATES PROBATION OFFICE.**

**RECOMMENDATION:**
**ASSIGNMENT TO BOOT CAMP PROGRAM, IF FEASIBLE.**

**FINDING:**
**DEFENDANT HAS BEEN IN CUSTODY UNDER THESE CHARGES FROM JULY 16, 1995, TO AUGUST 4, 1995, AND AGAIN FEBRUARY 7, 1996, TO PRESENT.**

9.  Statement of reasons for imposing sentence.
    Check appropriate space:

(a)____Sentence is within the guideline range and that range does not exceed 24 months and the Court finds no reason to depart from the sentence called for by application of the guidelines.

OR_____ Sentence is within the guideline range and that range exceeds 24 months and the reasons for imposing the selected sentence are:

(b)__X__Sentence departs from the guideline range as a result of

____substantial cooperation upon motion of the government

OR

__X__a finding that the following (aggravating or mitigating) circumstance exists that is of a kind or degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that this circumstance should result in a sentence different from that described by the guidelines for the following reasons:

**FINDING WITH RESPECT TO ABERRANT BEHAVIOR.**

(c)____Is restitution applicable in this case?            _____Yes __X__No

Is full restitution imposed?                             _____Yes _____No

If no, less than full restitution is imposed for the following reasons:

(6)

(d) Is a fine applicable in this case?   __X__ Yes _____ No

    Is the fine within the guidelines imposed?   _____ Yes __X__ No

If no, the fine is not within guidelines or no fine is imposed for the following reasons:

__X__ Defendant is not able, and even with the use of a reasonable installment schedule is not likely to become able, to pay all or part of the required fine; or

_____ Imposition of a fine would unduly burden the defendant's dependents; or

_____ Other reasons as follows:

10.     Was a plea agreement submitted in this case?   __X__ Yes _____ No

    (a) If no to 10, was notice given to defendant of right to appeal and to have counsel on appeal?   _____ Yes _____ No

        Did defendant request court to direct Clerk to file Notice of Appeal?   _____ Yes _____ No

        Was Clerk so directed?   _____ Yes _____ No

    (b) If yes to 10,

(1) was notice given to defendant of right to appeal (as to sentencing determination) and to have counsel on appeal?   _____ Yes _____ No
        __X__ Not Applicable

        Did defendant request court to direct Clerk to file Notice of Appeal?   _____ Yes _____ No

        Was Clerk so directed?   _____ Yes _____ No

(2) check appropriate space:

___ The Court has accepted a Rule 11(e)(1)(A) charge agreement because it is satisfied that the agreement adequately reflects seriousness of the actual offense behavior and accepting the plea agreement will not undermine the statutory purposes of sentencing.

___ The Court has accepted a Rule 11(e)(1)(B) plea and has sentenced within the guideline range.

___ The Court has accepted a Rule 11(e)(1)(C) sentence agreement that is within the applicable guideline range.

__X__ The Court has accepted either a Rule 11(e)(1)(B) sentence recommendation or a Rule 11(e)(1)(C) sentence agreement that departs from the applicable guideline range because the Court is satisfied that such a departure is authorized by 18 U.S.C. §3553(b).

(7)

11. Suggestions for guideline revisions resulting from this case are submitted by an attachment to this report. \_\_\_\_Yes _X_ No

12. The PSI is adopted as part of the record, either in whole or in part as discussed above and is to be maintained by the U.S. Probation Department under seal unless required for appeal.

13. Judgment will be prepared by the clerk in accordance with above.

14. The clerk will provide this Memorandum of Sentencing Hearing And Report of Statement of Reasons to the U.S. Probation Department for forwarding to the Sentencing Commission, and if the above sentence includes a term of imprisonment, to the Bureau of Prisons.

9/9, 1996
DATE

*Robert E Keeton*
UNITED STATES DISTRICT JUDGE

(8)