

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 17, 2006

Alan J. Black, Esq.
Alan Black, Attorney-at-Law
1383 Main Street
Springfield, MA 01103

**Re:  United States v. Matthew Marsh, Criminal No. 4:05-cr-40025-FDS**

Dear Attorney Black:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Matthew Marsh, ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    Change of Plea

On October 23, 2006, Defendant shall plead guilty to all counts in which he is named in the above-captioned Indictment: United States v. Matthew Marsh, Criminal No. 05-40025-FDS. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One through Three of the Indictment, and is in fact guilty of those offenses.

    2.    Penalties

By virtue of the prior felony drug convictions set forth in the Information filed in this matter pursuant to 21 U.S.C. § 851, Defendant faces the following mandatory minimum and maximum penalties:

Count One (conspiracy): A mandatory minimum term of imprisonment of ten (10) years; a maximum term of imprisonment of life; a maximum fine of four million dollars ($4,000,000); a term of supervised released of at least eight (8) years and up to life; and a mandatory special assessment of one hundred dollars ($100).

<u>Counts Two and Three (distribution)</u>: As to each count, a maximum term of imprisonment of thirty (30) years; a maximum fine of two million dollars ($2,000,000); a term of supervised released of at least six (6) years and up to life; and a mandatory special assessment of one hundred dollars ($100).

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines ("U.S.S.G."), along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

(a)   The parties agree that the total quantity of cocaine base, also known as crack cocaine, attributable to Defendant is at least five (5) grams but less than twenty (20) grams and that Defendant's base offense level is therefore <u>26</u>, pursuant to U.S.S.G. § 2D1.1(c)(7).

(b)   The parties take no position with respect to Defendant's Criminal History Category, with the exception of agreeing that on or about September 6, 1996, Defendant was convicted in the U.S. District Court for the District of Massachusetts, of: (i) conspiracy to import cocaine base in violation of 21 U.S.C. § 963, (ii) importation of cocaine base in violation of 21 U.S.C. § 952, and (iii) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), in <u>United States v. Matthew Marsh, et al</u>, Criminal Docket No. 95-10244-REK, as set forth in the Information filed in this matter pursuant to 21 U.S.C. § 851.

The U.S. Attorney and Defendant are unaware at this time of any basis for a departure or deviation from the sentencing range established by the United States Sentencing Guidelines, except as set forth below. In the event that either the U.S. Attorney or Defendant subsequently learns that there is another basis for moving for a departure or deviation, that person will file a motion with any supporting memorandum not less than seven (7) days before sentencing. Any basis with respect to which a motion for departure or deviation, and any supporting memorandum, has not been filed at least seven (7) days before sentencing is hereby expressly waived and cannot be argued at the time of sentencing.

In the event, however, that Defendant contends that there is a basis for departure or deviation from the otherwise applicable U.S. Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will file a motion for departure or deviation based on his medical, mental,

2

and/or emotional condition, with any supporting memorandum not less than twenty-one (21) days before sentencing. Any medical, mental and/or emotional basis with respect to which a motion for departure or deviation, and any supporting memorandum, has not been filed at least twenty-one (21) days before sentencing is hereby expressly waived and cannot be argued at the time of sentencing. Defendant will also, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney his and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

The U.S. Attorney reserves the right to oppose Defendant's departure or deviation argument(s).

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state and/or federal convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three (3) levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) Subject to the application of any mandatory minimum term of imprisonment, the low end of the applicable sentencing guideline range as determined by the Court at the time of sentencing;

(b) A fine within the applicable guideline fine range, unless the Court finds pursuant to U.S.S.G. §5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) Supervised release for a period of eight (8) years; and

(d) A mandatory special assessment of $100 on each count.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the

sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

8. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

9. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

10. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Lisa M. Asiaf.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _/s/ Laura Kaplan_____
LAURA J. KAPLAN
Chief, Organized and Violent Crime Section

LISA M. ASIAF
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Matthew Marsh
Defendant
Date: October 23, 2006

I certify that Matthew Marsh has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Alan J. Black, Esq.
Attorney for Defendant
Date: October 23, 2006