UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA :
:
:
v. : CRIMINAL NO: 05-40025-02-FDS
:
MATTHEW MARSH :

**<u>DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM AND RENEWAL
OF ALL OBJECTIONS PREVIOUSLY MADE IN THIS CASE</u>**

Matthew Marsh appeared before the trial judge on October 23, 2006, and pleaded guilty to all counts of a 3-count indictment that charge him with: (CT 1) Conspiracy to Possess and Distribute Cocaine Base in violation of 21:USC §846; (CTs 2 &3) Distribution of Cocaine Base in violation of 21:USC §841.

The total amount of cocaine base accountable to Marsh was 6.4 grams, an amount that carries a mandatory minimum penalty of 5 years.  The government filed a motion under Title 21 U.S.C. §851 advising that Marsh committed the instant offense after sustaining one prior conviction for distribution of a controlled substance.  This action doubles the penalty from 5 – 40 years, to 10 years – Life.  Consequently, regardless of any guideline calculations, it was and is still agreed by all parties that Matthew Marsh must be sentenced to at least 10 years in prison.

The Presentence Report (PSR) calculates Marsh's Offense Level at 23.  Notwithstanding that offense level, Marsh was originally determined to be a Career Offender under the guidelines by virtue of at least two qualifying prior convictions.  The resultant effect of the Career Offender provision raised the offense level from 23 to 34 according to the Presentence report. On November 14, 2007 Judge Andrew Mandell allowed the defendant's motion to vacate two of the

three qualifying predicates. These are the two convictions for resisting arrest in 1999 and 2004 in Leominster and Fitchburg District Court. This leaves the defendant currently with only one predicate drug conviction. This is not enough to qualify him for career offender status

On March 23, 2007 the defendant appeared before the trial judge for sentencing. At this time the trial judge stated that he was "troubled" by the allowance of the defendant's motion for new trial for medical reasons on the defendant's two resisting arrest charges. The trial judge also expressed concern with the defendant's mental health status. The judge queried whether the defendant was competent to make his plea in front of the federal court when a couple of years prior, the defendant might have been suffering from a mental health issue which one judge ruled was the basis for the withdrawal of defendant's plea. The trial judge also wanted to know whether he was permitted to depart upward using the police reports underlying the resisting arrest charges as the basis for his information.

It is important to note that the government was not asking, nor is not asking for any increase in defendant's time above the ten-year mandatory minimum the defendant was facing. The defendant is also asking for the ten-year sentence to be imposed. Finally, the defendant did not make any type motion to withdraw his plea before this court in the case at hand; neither is he claiming that he was suffering from a mental health issue on October 23, 2006, when this plea was taken. It is also important to note that at this previous hearing, defense counsel pointed out to the judge the difference between the circumstances of the pleas in state district court and the plea in the case at hand.

The psychological circumstances of the defendant were quite different at the time of the earlier pleas. He was on the street abusing alcohol and other drugs. This contributed to the behavior underlying the resisting arrest charges. In the case at hand, the defendant was

incarcerated and away from the circumstances that contributed to the bi-polar disease flaring up. At the time of the plea in the case at hand, accurate representations were made concerning the defendant's mental health condition. (Rule 11, p. 4-6). The defendant stated that his disorder does not interfere in any way with his ability to understand the proceedings and defense counsel represented that in his opinion the defendant was competent and able to understand the proceedings and communicate with counsel. (Rule 11, p. 5-6). The defendant's position remains that he was perfectly able to understand the plea and is not asking to withdraw his plea.

The defendant would object strenuously to any recitation of the facts provided in a police report be considered to form the basis of an upward departure. In this instance the details in the police report would form the basis of an increase in the penalty the defendant faces. This is prohibited in *Shepard v U.S.*, 544 U.S. 13 125 S.Ct. 1254 (2005) In *Shepard,* the Supreme Court ruled that the sentencing court could not rely on police reports to conclude that the defendant committed a violent burglary for purposes of increasing the defendant's sentence. *Id.* This reliance on a police report is specifically prohibited to be used to increase the defendant's sentence. *Id*. The defendant objects to this court's reliance on the resisting arrest charges in any way. The defendant is not convicted for these offenses, so this court cannot apply the career offender provisions. The guideline range involving a level 23 is far below the statutory minimum of ten years. For this court to meaningfully depart it would have to have to depart higher than the highest level of the applicable guideline provisions. Any such departure would be manifestly unreasonable under the circumstances.

Since the January, 2005 Supreme Court decision, *United States v Booker,* 125 S.Ct. 738 (2005) the district court must calculate the Sentencing Guidelines and treat them as advisory. *Booker* requires that in addition to considering the final advisory guideline calculation (after guideline departures), the sentencing court is mandated to apply the statutory sentencing factors at 18 U.S.C. §3553(a) among which are (a)(1), the nature and circumstances of the offense and the history and characteristics of the defendant. As the circumstances of the offense and the defendant's personal history are intricately intertwined, we shall deal with them together.

As Matthew Marsh stands now before the Court, the Court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the statute at 18 U.S.C.§3553(a)(2) i.e., (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. (B) to afford adequate deterrence to criminal conduct. (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

To be sure, Marsh's offense deserves a sentence that provides punishment. Even so, without minimizing the need to remove the defendant from the community, the offense of conviction must be kept in perspective. The instant offense is not among the most serious drug trafficking offenses. Marsh's role involved assisting his friend, Bernabel by driving her around to her customers. He did this to sustain his own addiction to crack cocaine, not to enrich himself. There were no guns or violence attendant to the defendant's offense. It is obvious that the defendant's past criminal behavior is driving the guideline sentence more than the offense itself.

A 10-year sentence adequately reflects the seriousness of this offense and also provides just punishment for the offense. Furthermore, a 10- year term for this offense sends a message to the community that drug dealing, no matter how small, will be treated severely.

Protecting the community from further crimes of the defendant implicates the need for educational and vocational training as well as drug and mental health treatment. There is adequate time in a 10-year sentence to treat the defendant for his substance abuse and to assist him in securing a skill that will be useful when he returns to the community there is no evidence to support any claim that a longer sentence will serve the ends of justice any more favorably than a 10-year sentence. The government itself is not suggesting that a longer sentence is better than the ten-year mandatory minimum.

## Conclusion

The defendant respectfully requests the Court to sentence to him to 10 years in the custody of the Bureau of Prisons. This sentence adequately reflects his personal characteristics and is no more than necessary to serve the ends of justice.

                                   THE DEFENDANT

By:    /s/ Alan J. Black
          Alan J. Black
          1383 Main Street
          Springfield, MA 01103
          (413) 732-5381
          BBO#553768

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the Assistant United States Attorney, Lisa Asiaf on this 6th day of April 2007.

        /s/ Alan J. Black